GLICKSTEIN, Judge,
concurring with opinion.
This case presents an appropriate occasion for expression of my personal opinion that we should never be called upon nor allow ourselves to make appellate decisions when so much time has passed that we have no way of knowing whether what we decide makes sense now.
The final judgment of dissolution in this case was entered on May 20, 1983. Because of extensions given the parties for the filing of their briefs, oral argument could not be scheduled until June 6, 1984. By the terms of the final judgment, the wife was awarded rehabilitative alimony for two years because the trial court concluded her having a current RN license would enable her to support herself. This conclusion was based upon the expert opinion of a rehabilitation consultant that she would have no difficulty obtaining employment right away as a nurse, notwithstanding her non-use of the license in over twenty-three years.
It may be that the expert was correct, and that in the thirteen months that have transpired since the final judgment, the wife did obtain or should have obtained employment as theorized. In my opinion a year is too long a period to allow a proceeding to pend which involves the essential *1031 livelihood of the wife. The parties involved in questions that affect their daily lives in material, substantial ways have a right to expect speedy appellate decisions. Without extensions and with prompt opinion writing, this expectation can be met.
I take this opportunity also to repeat that we must know with precision and clarity all of the numbers involved in financial issues between spouses who are dissolving their marriages before we can review the reasonableness of any decision by the trial court.